IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD W SCOTT, | )<br>) |
| Plaintiff, | ) Civil Action No. 23-1690<br>) Magistrate Judge Maureen P. Kelly |
| v. | )<br>) Re: ECF No. 6 |
| VALERIE A. ARKOOSH<br>*Secretary Pennsylvania Department of Human Services*; PENNSYLVANIA DEPARTMENT OF HUMAN SERVICES *Et al.* | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

## MEMORANDUM OPINION

**KELLY, Magistrate Judge**

Plaintiff Donald W. Scott ("Scott") initiated this action against Defendants Valerie A. Arkoosh, Secretary of the Pennsylvania Department of Human Services ("Arkoosh"), and the Pennsylvania Department of Human Services ("DHS") (collectively, "Defendants"), alleging Defendants violated his Fourteenth Amendment right to due process. ECF No. 1.

Presently before the Court is a Motion to Dismiss filed by the Defendants. ECF No. 6. For the reasons that follow, the Motion to Dismiss will be granted.[1]

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

On September 25, 2023, Scott filed a three-page Complaint against Arkoosh and DHS, alleging a violation of his Fourteenth Amendment right to due process.[2] ECF No. 1. Scott appears

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case, including trial and entry of final judgment, with direct review by the United States Court of Appeals for the Third Circuit if an appeal is filed. ECF Nos. 3 and 12.

[2] Scott does not indicate whether he is suing Arkoosh in her individual or official capacity. Because Scott lists DHS as a separate defendant, we construe his allegations against Arkoosh as being asserted against her

to assert a myriad of allegations against Defendants with respect to the Pennsylvania child support system and related procedures. However, these allegations can be best described as unclear.

Scott appears to allege that DHS did not make a "proper assessment" of his case when an individual applied for child support under Title IV-D of the Social Security Act. Id. ¶ 4. DHS did not obtain the necessary information from "the custodial parent," so it failed to find that "the custodial parent was in fact a D.A.C.A. (Deferred Action for Childhood Arrivals) recipient." Id. According to Scott, such a status would make the custodial parent unqualified to receive "services in accordance with 8 U.S.C. § 1611." Id. If Defendants performed a proper investigation, they would have discovered this fact and not have designated Scott "non-custodial." Id.

Scott asserts that over the course of two and a half years, he "suffered immense and undue harassment by the Defendant and its agents, the Bureau of Child Support Enforcement." Id. ¶ 7. This harassment included threatening text messages and letters; forced attendance at contempt hearings; seizure of his assets and his passport; public defamation; a negative impact on his credit; and home visits by Defendants' deputies. Id.

Scott alleges that the Administrative Child Support Process, which was created by 23 Pa.C.S. § 4305, violates the separation of powers doctrine "by infringing on the District Courts original jurisdiction." [sic] Id. ¶ 6. He also asserts that the Bureau of Child Support Enforcement's "use of a private, for profit company, Conduent Inc. to serve as its 'Statewide Collections and Disbursement Unit' (SCDU) creates an egregious conflict of interest and in this case presented numerous Fair Debt Collection Practices Acts (FDPA) violations as well as Fair Credit Report Act (FCRA) Violations." [sic throughout] Id. ¶ 7.

---

in her individual capacity. In an official capacity suit against an individual defendant, the entity of which the defendant is an agent is the real party in interest, Kentucky v. Graham, 473 U.S. 159, 169 (1985), and Scott has already independently named DHS as a defendant.

As relief, Scott requests compensatory damages; a letter removing Defendants' debt claims from Scott's credit report; his passport returned; settlement of his debts; and punitive damages. Id. ¶ 8.

On November 16, 2023, Defendants filed a Motion to Dismiss and an accompanying brief in support. ECF Nos. 6 and 7. Scott filed a Response and an accompanying brief in support on December 5, 2023. ECF Nos. 9 and 10.

The Motion to Dismiss is ripe for consideration.

## II.   STANDARD OF REVIEW

### A.   Motion to Dismiss

A complaint may be dismissed under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." "[D]etailed pleading is not generally required." Connelly v. Lane Const. Corp., 809 F.3d 780, 786 (3d Cir. 2016). Rather, the rules require "only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face" by providing facts which "permit the court to infer more than the mere possibility of misconduct . . . ." Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009).

In assessing the sufficiency of a complaint, the court must accept as true all material allegations in the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. Odd v. Malone, 538 F.3d 202, 205 (3d Cir. 2008). The court, however, need not accept bald assertions or inferences drawn by the plaintiff if they are unsupported by the facts set forth in the complaint. See Cal. Pub. Employees' Ret. Sys. v. Chubb Corp., 394 F.3d 126,

143 (3d Cir. 2004) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555. Thus, the United States Supreme Court has held that a complaint is properly dismissed under Fed. R. Civ. P. 12(b)(6) where the factual content does not allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (finding that, under Twombly, "labels and conclusions, and a formulaic recitation of the elements of a cause of action" do not suffice. The complaint therefore "must allege facts suggestive of [the proscribed] conduct" that are sufficient "to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s of his claim].") Id. at 233-34.

A court reviewing a motion to dismiss should take three steps in evaluating the sufficiency of the complaint:

> First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Iqbal,* 556 U.S. at 675, 129 S.Ct. 1937. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679, 129 S.Ct. 1937. *See also Burtch v. Milberg Factors, Inc.,* 662 F.3d 212, 224 (3d Cir.2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation and editorial marks omitted)). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal,* 556 U.S. at 679, 129 S.Ct. 1937.

Connelly, 809 F.3d at 787.

### B. *Pro Se* Pleadings and Filings

In the instant case, Plaintiff is proceeding *pro se*. *Pro se* pleadings and filings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite

proper legal authority, confusion of legal theories, poor syntax, and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); U.S. ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969) (A "petition prepared by a prisoner . . . may be inartfully drawn and should . . . be read 'with a measure of tolerance'"); Freeman v. Dep't. of Corr., 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997) (overruled on other grounds); see also Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (discussing Fed. R. Civ. P. 12(b)(6) standard); Markowitz v. Ne. Land Co., 906 F.2d 100, 103 (3d Cir. 1990) (same).

Even so, there are limits to the court's procedural flexibility – "*pro se* litigants still must allege sufficient facts in their complaints to support a claim . . . . [T]hey cannot flout procedural rules – they must abide by the same rules that apply to all other litigants." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (citations omitted). Accordingly, because Plaintiff is a *pro se* litigant, the Court will consider the facts and make inferences where it is appropriate.

**III.   DISCUSSION**

In the Complaint, Scott appears to assert a Fourteenth Amendment due process claim against Defendants. Defendants argue that Scott's Complaint should be dismissed, because Scott has failed to state a claim. ECF No. 7 at 4. Each basis for dismissal will be addressed separately.

**A.  Eleventh Amendment Immunity**

DHS argues that Scott cannot assert a claim for monetary damages against it, because such claims are barred by the Eleventh Amendment. Id. at 4-5. Defendants correctly rely on the recent decision of this Court in Sherle v. Pennsylvania Dep't of Hum. Servs, No. 3:21-cv-140, 2022 WL 17469468 (W.D. Pa. Dec. 6, 2022).

In response, Scott asserts that DHS waived immunity, because, in his dealings with DHS, he notified it that "[a]ny qualified immunity you may or may not be afforded will be compromised." ECF No. 10 at 3.

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State" U.S. Const. Amend. XI. However, Eleventh Amendment immunity is not absolute. Three exceptions to sovereign immunity exist: (1) abrogation by an act of Congress; (2) waiver by state consent to suit; and (3) suits against individual state officials for prospective relief to remedy an ongoing violation. M.A. ex rel. E.S. v. State–Operated Sch. Dist. Of City of Newark, 344 F.3d 335, 344-45 (3d Cir. 2003); MCI Telecomm Corp. v. Bell Atl. Pennsylvania, 271 F.3d 491, 503 (3d Cir. 2001).

Upon review, the Court will dismiss Scott's claim for monetary damages against DHS. It is undisputed that the Eleventh Amendment bars these claims, and no exception to immunity applies in this case. See O' Hara v. Ind. Univ. of Pa., 171 F. Supp. 2d 490, 495 (W.D. Pa. 2001) ("The Commonwealth of Pennsylvania has not waived its immunity in § 1983 civil rights cases (42 Pa.C.S.A. § 8521) and Congress did not abrogate state immunity in general in enacting civil rights legislation, including § 1983."); Spada v. Klemm, No. 1:22-cv-00478, 2023 WL 2290258, at *6 (M.D. Pa. Feb. 28, 2023) (RLUIPA claims for damages against state officials in their official capacities are barred by the Eleventh Amendment). The state itself must actively waive immunity; a plaintiff cannot pronounce unilaterally that the state has waived immunity. Therefore, Scott's claim for monetary damages against DHS will be dismissed with prejudice.

### B. Title IV-D of the Social Security Act

Defendants move to dismiss any claim Scott may bring under Title IV-D of the Social Security Act, because the law as not been interpreted to give individuals a private cause of action. ECF No. 7 at 5-6. In his Response Brief, Scott states that he is not asserting any claims under Title IV-D. ECF No. 10 at 4-5. Accordingly, to the extent that the Complaint asserts any claim under Title IV-D, that claim is dismissed with prejudice.

### C. Fourteenth Amendment Claim

Defendants move to dismiss Scott's Fourteenth Amendment claim, because he has not pled sufficient factual allegations to proceed. ECF No. 7 at 6.

In his Response Brief, Scott argues that Defendants violated 45 CFR 303.5(g)(2)(i)(C) and did not provide him notice regarding an acknowledgment of paternity. ECF No. 10 at 4-5. He states that he was encouraged to sign an "Acknowledgment of Paternity Waiver of Trial" under duress without full disclosure of his rights or due process. Id. These facts were not pled his Complaint. ECF No. 1.

To state a Fourteenth Amendment procedural due process claim, Scott must allege: "(1) [he was] deprived of an individual interest that is encompassed within the 14th Amendment's protection of 'life, liberty of property,' and (2) the procedures available to [Scott] did not provide [him] with 'due process of law.'" Hill v. Borough of Kutztown, 455 F.3d 225, 233-34 (3d Cir. 2006) (quoting Alvin v. Suzuki, 227 F.3d 107, 116 (3d Cir. 2000)).

To evaluate the instant Motion to Dismiss in accordance with Connelly, 809 F.3d at 787, the Court must identify any conclusory allegations and bare statements in the Complaint that are not entitled to a presumption of truth. Upon review, the Complaint, consisting of only four paragraphs with factual averments, contains primarily impermissible legal conclusions and few

7

facts. ECF No. 1 at 1-2. Scott appears to allege that designating him the "non-custodial" parent by default violated his Fourteenth Amendment right to due process. Id. ¶¶ 4, 5. He also avers that he was subject to harassment in a manner that likewise violated his Fourteenth Amendment right. Id. ¶ 7. Portions of the specific facts detailing the that the custodial parent was a D.A.C.A. recipient in Paragraph Four and regarding Scott's alleged harassment in Paragraph Eight are appropriate facts. Id. However, the other statements in the Complaint are improper legal conclusions that are not entitled to the presumption of truth. They merely recite elements of a due process claim. Without appropriate supporting facts, Scott has failed to state a claim under the Fourteenth Amendment. See McCray v. Jones, No. 21-3294, 2022 WL 17485957, at *3 (3d Cir. Dec. 7, 2022) (where plaintiff asserted a Fourteenth Amendment claim, but her complaint was dismissed because it "fail[ed] to identify any actions that [defendant] or her office took concerning the Arrears Order and offsets to her Social Security benefits, tax refund, or federal stimulus check, or that [defendant] had knowledge of those events"); Callaham v. Passaic Cnty., No. 23-2517, 2023 WL 4014317, at *3 (D.N.J. June 14, 2023) (dismissing plaintiff's complaint because "Plaintiff's allegations that Defendants initiated a criminal proceeding against him without probable cause and based on fabricated evidence, that terminated in his favor, are vague and conclusory.").

As such, Scott's Fourteenth Amendment claim must be dismissed for failure to plead sufficient factual allegations to state a claim.

**IV.   CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss, ECF No. 6, is properly granted. The claim for monetary damages against DHS is dismissed with prejudice based on Eleventh Amendment immunity. To the extent that the Complaint can be construed as asserting any claim

under Title IV-D, that claim is dismissed with prejudice. Finally, the Motion to Dismiss is granted without prejudice for failure to state a Fourteenth Amendment claim.

The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). Here, Scott may be in possession of additional facts to support certain allegations. Therefore, Scott will be afforded an opportunity to file an Amended Complaint to correct the pleading deficiencies identified in this Opinion only as to the portions of the Fourteenth Amendment claim dismissed without prejudice – the claim for monetary damages against Arkoosh and for prospective injunctive relief against DHS. The Amended Complaint must be filed within thirty days, must fully allege every claim Scott wishes to pursue against all parties, and must be a pleading that stands by itself without reference to the original or amended complaint. Young v. Minnick, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992).

An appropriate order follows.

BY THE COURT,

MAUREEN P. KELLY
United States Magistrate Judge

Dated: June 6, 2024

cc:   All counsel of record by Notice of Electronic Filing

     DONALD W SCOTT
     426 Ross Ave
     Unit 1
     Pittsburgh, PA 15221